IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00382-RJC
(3:15-cr-00024-RJC-DSC-15)

| | |
|---|---|
| AKANNI BUTLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on consideration of the Respondent's motion to stay disposition of this collateral proceeding. (Doc. No. 3). Respondent moves for a 60-day extension from the date the Supreme Court decides Beckles v. United States, No. 15-8455 (June 27, 2016), to file a response to Petitioner's § 2255 Motion to Vacate in which he challenges his designation as a career offender.

Respondent contends the following issues may have a bearing on Petitioner's case: (1) "Whether [Johnson v. United States, 135 S. Ct. 2551 (2015)] applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)"; (2) Whether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review?"; and (3) "Whether mere possession of a sawed-off shotgun, an offense listed as a 'crime of violence' only in the commentary to U.S.S.G. § 4B1.2, remains a 'crime of violence' after *Johnson*." (3:16-cv-00382, Doc. No. 3 at 1-2).

Because resolution of the issues involved in the Beckles case may have a bearing on the

1

disposition of the issues in Petitioner's case, the Court will grant Respondent's motion.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay is **GRANTED**, (Doc. No. 4), and Respondent shall have 60-days from the date the Supreme Court renders its decision in <u>Beckles v. Unites States</u> to file a response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: September 6, 2016

Robert J. Conrad, Jr.
United States District Judge